UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARCUS WRIGHT,

    Petitioner,

v.                                  Case No. 3:22-cv-16807-MCR-MJF

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon Petitioner filing a "Petition for 30 Day Extension." Doc. 1. Petitioner seeks a 30-day extension of the 1-year limitations period for filing a habeas corpus petition under 28 U.S.C. § 2254. Petitioner has not filed an actual habeas petition under § 2254, and his motion for extension of time does not contain allegations sufficient to support a claim for relief under § 2254. The undersigned concludes that the District Court lacks jurisdiction to consider Petitioner's request.[1]

---

[1] The District Court referred this case to the undersigned for preliminary review under Local Rule 72.2(B), and Rule 4 of the Rules Governing Section 2254 Cases

Page 1 of 3

"Federal courts do not lightly grant relief in non-existent cases. Still less do they offer advisory opinions about what they might do if an action were filed." *United States v. Asakevich*, 810 F.3d 418, 420-21 (6th Cir. 2016) (holding that prisoner could not ask the district court to grant an extension of time to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 before a § 2255 motion was actually filed; prisoner was seeking an advisory opinion concerning whether he could obtain an extension for a collateral proceeding not yet in existence); *see also Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that a federal court may grant an extension of time to file a § 2255 motion only if the moving party requests the extension "*upon or after filing* an actual section 2255 motion") (emphasis added); *Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014) ("Here, because Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard. Thus, the district court properly concluded that it lacked

---

in the United States District Courts, and to make recommendations concerning dispositive matters. *See* 28 U.S.C. § 636(b) and N.D. Fla. Loc. R. 72.2(B).

jurisdiction to consider Swichkow's requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief.").

As the District Court lacks jurisdiction to rule on any procedural or substantive matters before an actual habeas petition is filed, this action should be dismissed.

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court close this case file and send Petitioner the form petition for use in § 2254 cases.

At Panama City, Florida, this 29th day of August, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**